We'll hear argument in the final matter on today's calendar Hafez v. City of Schenectady 18-1216. Thank you. You can proceed Mr. Hafez. Good morning your honors. My name is Mohamed Hafez. I am proceeding per se. I'm an appellant per se and I just prepared some notes in addition to my briefs. Hold on one second. Stop the clock. There's some people who are about to leave so we'll let them leave and bring it back to four. Thank you. All right. You can start again. Thank you. Good morning your honor again and I'm proceeding per se. My name is Mohamed Hafez and I prepared some notes here in addition to my briefs and I'm asserting that this case was cut short because re-judicata requirements were not met by the defendant. There was no previous education on the merit as to Article 2 of the Schenectady Ordinance and the prior case that I had, Hafez 1, did not involve Mayor McCarthy so Mayor McCarthy is a new actor in this case and he's not, I'm also asserting that he's not in privity with Mayor Stratton who was the mayor when I filed the original or the first case. Also the defendant failed to establish that the claim arising from a series of transactions when I applied for the rental certificate between May 15th and January 17th outlining my complaints were subject of the Hafez 1 complaint. So the factual allegations here are about the defendant's failure to grant me rental certificates on 20 different occasions between May 15th and January 17th. These events could not have occurred before Hafez 1 was filed in 2010. We're talking here about 2015, event in 2015 to 2017. The as-applied challenge detailed here in this case is not the very same claim as the facial challenges in Westhoff and in my original case, Hafez 1. And the Hafez 1 court, Judge Giagostino, never analyzed claims of non-consensual inspection and demand of production of business records including copies of my insurance policy declaration pages, lease information, and tenant's name because all this included in the new claim in Hafez 2, which is the current case. The second point I'm making is that there exists a number of issues of fact that even the court, even the district court didn't make decisions on. In particular, you know, the, when it comes to the equal protection claim, a class of one equal protection claim that I'm making, and it's not legally infirmed that as the district court, you know, are claiming because they are establishing two classes of landlord. Landlords that do consent to the inspection of their properties and another class of landlords that do not consent to the warrantless inspection of their properties. And, you know, having two classes of landlords, obviously, you know, the second class of landlord that don't consent like myself to the warrantless inspection of their properties do not get rental certificates. So there is an issue of fact and a bunch of issues of fact that were never decided because also the facts were not complete in the record. The district court never ordered discovery. And it's just dismissed the case based on the recent judicata defense that they applied. I'm also claiming that, or asserting several arguments that Article 2 of the Rental Certificate Ordinance is unconstitutional because it violates my right to privacy and the physical records of the insurance. I'm also asserting a claim that Article 3 is unconstitutionally vague because it gives the building inspector unlimited and unfettered discretion in the enforcement decisions when it comes to inspection. So I respectfully request that this court declares that a recent judicata does not apply to this suit and the ordinance is unconstitutional. Otherwise, you know, vacate the dismissal and send the case back to the district court where it allowed discovery and to complete, you know, complete the set of facts that we have. One question. Yes, Your Honor. See, is there, if this court could affirm the dismissal which was expressed as a dismissal based on recent judicata on the grounds under 12C, on the grounds that the complaint was without merit and was subject to dismissal under 12B6 for failure to state a claim, then what difference does it make whether the change of the identity of the mayor and the change of the identity of the property does or doesn't affect the recent judicata question? I didn't completely understand your question, but when it comes to the mayor, the second mayor that we currently have. The complaint fails to state a claim because it is, in all respects, in all significant respects, identical in its theory to one that has already previously been denied in a final judgment. Then it's a complaint without merit, which can be dismissed for failure to state a claim. No, Your Honor. The issues in this current suit is about Article 2. It was never addressed in the original suit, Hafiz 1. Article 2 is the registration provision of the ordinance. It's different than what was addressed in the original case, which was the inspection provision. Article 2, you know, after the Supreme Court case of Patel, I believe it's unconstitutional because it conditions renting my apartments as a landlord upon my consent to produce all these records, tenants' names, and lease information. And that's as to Article 2. And this was never addressed in the first case, Hafiz 1. You know, the district court never, you know, legally made decisions on Article 2 provisions and assumed that the case was already looked at. This is almost the first time we look at the Schenectady Ordinance because of the, basically, the abuse, you know, of the inspector that we have in Schenectady. They are using this as, you know, a tool to scare all landlords in the city. You know, strand them with prosecution, criminal prosecution and fines. You know, I was sent, you know, I was giving an appearance notice, Your Honor, with a threat of $63,000 in fines just because I told them not to come and then they told me you don't have a rental certificate. Meanwhile, they don't have, you know, we don't know how to get a rental. But if I choose to, if I choose to exercise my right to, you know, deny them access to my building or, you know, assert my rights for warrantless, you know, not to have warrantless inspection of my buildings, they basically, you know, give us tickets, appearance tickets and threaten us with fine to, you know, almost 63, you know, like in this case it was $63,000. Thank you very much, Mr. Huff. As you've reserved one minute for rebuttal, and we'll hear from the other side. Morning. Thank you, Judge. May it please the court. Craig Johnson. I represent the city of Schenectady, the mayor and the code supervisor. I'll rely primarily on my brief unless the court has questions. I just want to highlight a couple facts on the record that are responsive to some of the arguments I think my adversary suggested. First of all, with respect to the res judicata, I think the well-reasoned decision by Chief Judge Sotheby below addressed all of the issues that are raised in the briefing. But I do want to point out that if you look at the actual complaint, and of course we are, we have a limited record here. This is a motion under Rule 12, and you actually look at the allegations that are directed at the two individual defendants. I think that reveals the wisdom and the prudence of the decision below. And I specifically point out the fact that there's really a single allegation concerning the mayor. And that allegation is found on the first page of the complaint. And it says nothing more than he is the mayor and he has enforcement powers. Which of course is another way of saying in plain language that he's suing the mayor, because the mayor is the mayor, and suing the city. And so ultimately, the privity exception clearly applies in this case. And therefore, the fact that there's a change in mayor is not a basis for defeating res judicata. And that's even more clear in this case, since the facts are, as articulated by the submissions made by the plaintiff, that actually the current mayor was actually a council member when Hafez 1 was pending, and was elected to the mayor position when Hafez 1 was pending. So those are my issues concerning res judicata. Turning to the other merits decisions. This is a different action altogether, because it's a different provision of the enforcement statute. Yes, and I'll be honest, Judge, I don't see a difference. And I guess I've heard him say, talk about the Article 2 provisions and the requirement for some disclosure to ensure that the city has someone to contact in the event of a tragedy. I would submit that in Hafez 1, the decision very clearly rejected that argument as a matter of law in dismissing his Fourth Amendment challenge, which is he claimed that those provisions of the code, the ordinance, violated his Fourth Amendment rights to privacy. That's exactly the same claim he's making in this case. And I think that was soundly rejected on its merits at the summary judgment stage by Judge D'Agostino, which of course is a final determination on the merits. With respect, lastly, to this equal protection claim, I think it's very clear from the plaintiff's complaint. And in particular, paragraph 14, he makes very clear that the differential treatment that he has received, or alleged he has received, is purely a function of his unique strategy. I mean, this is an analogy to filling out an application for a driver's license to the DMV and filling out the paperwork and paying your fee and then walking out for the road test and folding your arms and saying I refuse. Well, the plaintiff in this case had a curious strategy. He's overtly alleged that that's the strategy he employed for whatever reason. And that is the only basis that triggered any differential treatment. This is not a case where the government came to him and took state action. He actually, of course, came in and filed the complaint, paid a fee, and then said, I refuse to cooperate with the last requirement, which is the very fact that he admits distinguishes himself from everyone else. And of course, that is not a similarly situated class of landlords, those folks who actually comply with the ordinance. So on its face, the equal protection claim is infirm. So unless your honors have other questions, I rely on my brief. Thank you. Thank you. Mr. Jefez, you have one minute for rebuttal. Thank you, Your Honor. Your Honor, he just acknowledged we have limited records. So there was no discovery, and there are a lot of issues of fact, and there are a lot of documents that could change this case as a whole. That's why I asked this court to vacate the district court judgment and go back to the district court and order discovery, and then we're going to find out. He claims that I am the only one that does that, not allow people for inspection. No, there are other landlord. He claimed that without any proof. There were nothing in the record that says I'm the only one that does that. I'm just making another landlord making a point. If I exercise- You're asserting that there are others. You know personally that there are others? I know personally of- Do you have to plead who they are? Your Honor, at that point, I did not know, this was the initial complaint. I never filed an amendment complaint. I never had the opportunity to file- Did you tell the court that you knew who they were and you could plead those facts? Your Honor, there was no hearing at the point- No, no. No, I did not, Your Honor. This is the problem when you're . . . Mr. Afeez, nobody's finding . . . First of all, you should know that in this whole country, the only place in this entire country that allows people who represent themselves who are not lawyers is this court. We allow them to come and argue, and so we have an appreciation of the fact that there are times when people don't have a lawyer and they represent themselves that they should be heard, and so we honor that. When one represents oneself . . . I would never fix my leaky sink because I'm a lousy plumber, but when I try to fix that leaky sink, I do so at my own peril. When one walks into a courtroom with all the complexities that are involved with regard to a lawsuit and attempts to practice law, one does so at their own peril. The law requires that you plead facts that you know that put the other side on notice of your claim. If you know those facts, and if you're confronted with a motion to dismiss and you want to amend, you have to put the court on notice. You have to say to the court, I have facts that I could tell you that I could put into my complaint. When you don't do that, you can't fault the court later on, Mr. Hafez, for having not given you that opportunity, for an opportunity that you never made the court aware of that it would be important to do so. It's one thing to say that the court didn't let me to do it, but the law requires you to give the notice to the court in advance. Nobody's penalizing you because you're just you, but those are the rules. When people come into court, we operate by rules. That's the one great thing about this nation. We are a nation of laws, and so I'm not penalizing you. I'm not criticizing you. I'm just saying to you that the law requires that you put the judge on notice that you had facts and that you had requested the judge the opportunity to replead. I ask you, did you ask the judge for the opportunity to replead? I did, Your Honor, file in my reply some documents. I asked . . . Then we'll look at that. And then it was denied, Your Honor, to file an amended complaint. If you did that, we will look at it, I promise you. Okay. Thank you, Your Honor. Thank you very much. We'll reserve the decision. Court is adjourned. Court is adjourned. Thank you.